**FILED**

**MAR 2 6 2010**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ARBITRATION BETWEEN: § § § | |
| THE FROST NATIONAL BANK § Plaintiff, § | Case No. 4:09-MC-00333-HEA |
| § vs. § § | |
| THOMAS E. HOWARD, Jr. § Defendant. § | |

## STIPULATION AND AGREED ORDER

Pending before the Court in this cause are Summers Compton Wells, PC's Motion to Withdraw and Defendant's Motion For Extension of Time. Plaintiff, The Frost National Bank ("Frost"), served written Discovery in Aid of Judgment (the "Discovery")on Defendant, Thomas E. Howard, Jr. ("Mr. Howard") on February 11, 2010. Since that time, Defendant's law firm has sought Court permission to withdraw; Mr. Howard has petitioned the Court to extend the deadline for responding to Frost's Discovery; a new law firm has entered an appearance on behalf of Mr. Howard requiring recusal; Frost has responded to Defendant's motions; and Mr. Howard has served Frost with objections to the Discovery, but not yet any responses.

Frost and Mr. Howard each desire that they be granted an opportunity to fully compromise and settle Frost's claims against Mr. Howard before the brewing discovery dispute requires substantial attorney effort and Court involvement. To that end, the parties have agreed to engage in a hybrid type of mediation with the end goal being Mr. Howard giving Frost sufficient information to facilitate meaningful settlement discussions without either party waiving any rights or being prejudiced by the delay. While there is no guarantee of success, the

1123215_1

Court wishes to facilitate the parties' attempt at amicably resolving their differences, and thus enters the following stipulations as agreed orders:

1) Summers Compton Wells, PC's Motion to Withdraw is GRANTED.

2) Mr. Howard's Motion for Extension of Time is DENIED because this Agreed Order renders the relief sought therein moot.

3) Mr. Howard is ORDERED to draft full, fair, and complete responses, without objection, to Frost's interrogatories and gather all of the documents requested by Frost's requests for production by April 6, 2010.

4) Mr. Howard is ORDERED to create a second set of these Discovery responses in redacted form by April 6, 2010. This set of responses shall contain information sufficient for Frost to determine whether assets exist that are responsive to any of the Discovery requests, the value of these assets, the record owners of these assets (both before and after any transfer within the past five years), and any other relevant information, save and except for the specific information that would enable Frost to execute on these assets.

5) Both sets of Mr. Howard's Discovery responses shall be delivered to a mediator of the parties' choosing. The mediator shall deliver the redacted version to Frost and then act as an intermediary between the parties as they attempt to resolve this lawsuit.

6) Mr. Howard is ORDERED not to transfer any assets, other than in the course of ordinary household use, until such time as the case is settled or the discovery dispute between Frost and Mr. Howard is resolved, whichever may occur first. Mr. Howard is further ORDERED to prepare a household budget just as he would be required to do if he filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code; to deliver this budget to Frost by March 31, 2010; and to abide by the terms of this budget until such time as the case is settled or the discovery dispute between Frost and Mr. Howard is resolved, whichever may occur first.

7) It is further ORDERED that neither party waives any of its rights by entering into this agreement. Frost retains the right to seek full, fair, and complete Discovery responses from Mr. Howard. Mr. Howard retains the right to claim that the privilege against self-incrimination obviates his obligation to respond to Frost's Discovery.

8) It is further ORDERED that the running of the statute of limitations as to any claims of Frost against Mr. Howard is tolled from the date of this Agreed Order until such time as the case is settled or the discovery dispute between Frost and Mr. Howard is resolved, whichever may occur first.

9) It is further ORDERED that, in the event the parties do not settle the case via the proposed mediation, Frost may not subpoena the unredacted documents from the mediator.

10) It is further ORDERED that, if the parties do not settle this case via the proposed mediation, within five days of the conclusion of this mediation, Mr. Howard must provide to Frost unredacted Discovery responses and/or objections thereto so that the parties may determine whether a discovery dispute remains, and, if so, may seek to resolve this dispute in a timely manner.

Signed this 26 day of March, 2010.

Henry Edward Autrey
United States District Judge

STIPULATED AND AGREED AS TO FORM AND SUBSTANCE:

KELLY HART & HALLMAN, LLP
301 Congress Ave., Suite 2000
Austin, TX 78701
(512) 495-6400
(512) 495-6401 FAX
steve.ravel@kellyhart.com

J. Stephen Ravel
State Bar No. 16584975
ATTORNEY FOR THE FROST NATIONAL BANK

GOLDSTEIN & PRESSMAN, P.C.
121 Hunter Avenue, Suite 101
St. Louis, MO 63124-1447
(314) 727-1717
(314) 727-1447 FAX
nwp@goldsteinpressman.com

Norman W. Pressman (ARN 4095, MBE 23900)
Kathryn M. Koch (ARN 3583, MBE 32010)
ATTORNEYS FOR THOMAS E. HOWARD, JR.